UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA C. CLOSSON, | No. 2:13-cv-2381-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]  After plaintiff filed her opening motion for summary judgment (ECF No. 17), the Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment (ECF No. 22).  No optional reply brief was filed.

For the reasons discussed below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and enters judgment for the Commissioner.

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 8, 9.)

1

I.    BACKGROUND

Plaintiff was born on October 7, 1977, has a high school diploma and a beautician's license, is able to communicate in English, and previously worked as a management trainee, hair stylist, cosmetologist, and retail manager.[2] (Administrative Transcript ("AT") 32, 44, 54-55.) On October 25, 2010, plaintiff applied for DIB, alleging that she became disabled on October 6, 2010, due to a back injury requiring surgery, a slipped disc in plaintiff's back, left foot tendonitis requiring surgery, and bipolar disorder. (AT 25, 54-55, 107, 117.) On April 11, 2011, the Commissioner determined that plaintiff was not disabled. (AT 25, 56-59.) Upon plaintiff's request for reconsideration, that determination was affirmed on August 31, 2011. (AT 25, 63-66.) Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on June 27, 2012, and at which both plaintiff, represented by an attorney, and a vocational expert ("VE") testified. (AT 25, 41-53.)

In a decision dated July 19, 2012, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from October 6, 2010, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 25-34.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on September 18, 2013. (AT 1-7.) Thereafter, plaintiff filed this action in federal district court on November 15, 2013, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.   ISSUES PRESENTED

Plaintiff has raised the sole issue of whether the ALJ erroneously determined that plaintiff could perform other work that existed in significant numbers in the national economy.

III.  LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts in this order, except as is necessary in articulating the court's decision.

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.  DISCUSSION

    A.  Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] At the first step, the ALJ concluded that plaintiff had not

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

engaged in substantial gainful activity since October 6, 2010, plaintiff's alleged disability onset date. (AT 27.) At step two, the ALJ determined that plaintiff had the following severe impairments: status post L4-5 fusion and discography, left foot peroneal tendinosis, and morbid obesity. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 29.) Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC"), concluding that plaintiff was capable of performing sedentary work as defined in 20 C.F.R. § 404.1567(a). (Id.) At step four, the ALJ found that plaintiff was unable to perform any past relevant work. (AT 32.) Finally, at step five, the ALJ determined, based on the VE's testimony, that considering plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (AT 32-33.)

Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from October 6, 2010, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 33.)

B.   Plaintiff's Substantive Challenges to the Commissioner's Determinations

Plaintiff's sole contention in this appeal is that the ALJ erroneously determined, based on the VE's testimony, that plaintiff could perform other work that existed in significant numbers in the national economy. More specifically, plaintiff argues that the VE's testimony was deficient and based on faulty statistics. However, the court need not reach the merits of plaintiff's argument here. Even assuming, without deciding, that the VE's testimony was somehow deficient, the ALJ's reliance on such testimony was harmless error, because the Commissioner's Medical-Vocational Guidelines, also known as the "Grids," direct a finding that plaintiff was not disabled during the period under review. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless").

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

The Grids take administrative notice of the numbers of unskilled jobs that exist throughout the national economy at various functional levels. See 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(b). "When the grids match the claimant's qualifications, the guidelines direct a conclusion as to whether work exists that the claimant could perform." Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007). "[T]he grids are inapplicable when a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." Id. In such instances, the testimony of a vocational expert is required. Id.

In this case, the ALJ did not find any additional limitations—exertional or non-exertional—beyond the limitation to sedentary work, and plaintiff has not challenged the ALJ's RFC assessment before this court. Pursuant to the Grids, a claimant with plaintiff's profile (a younger individual age 18-44, who has at least a high school education and can perform sedentary work) is deemed not disabled, even where the claimant has only unskilled work experience, or skilled work experience with no transferable skills, or no previous work experience. See 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 201.27 & 201.28. Thus, any reliance on allegedly deficient, unnecessary vocational expert testimony was harmless error.

## V.    CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is GRANTED.

3. Judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: February 5, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE